IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

THE HUMANE SOCIETY OF THE  :
UNITED STATES, et al.       :

   v.                        :  Civil Action No. DKC 13-1822

                                   :

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA   :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this insurance coverage dispute is the motion for reconsideration and clarification filed by Plaintiff The Humane Society of the United States ("HSUS" or "Plaintiff"). (ECF No. 138). The court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, Plaintiff's motion will be denied.

**I.  Background**

A more complete recitation of the factual background can be found in the prior memorandum opinion resolving the motion for summary judgment filed by Defendant National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union" or "Defendant"). (*See* ECF No. 84, at 1-7). Plaintiff, along with Plaintiffs Jonathon Lovvorn and Kimberly Ockene (collectively, "Plaintiffs"), filed the initial complaint in this case in the Circuit Court for Montgomery County, and Defendant removed the

action to this court.[1]  (ECF Nos. 1; 2).  Plaintiffs asserted a claim for insurance coverage against Defendant in connection with a lawsuit filed against HSUS by Feld Entertainment, Inc. under a 2009-2010 insurance policy (the "2009-2010 Policy"). (ECF No. 2 ¶¶ 15; 36).  The original scheduling order set August 15, 2013, as the deadline for the amendment of pleadings.  (ECF No. 11, at 2).  The parties completed discovery on October 10, 2014, and Defendant moved for summary judgment on November 20, 2014 (ECF No. 68).  On July 30, 2015, the court issued a memorandum opinion and order granting in part and denying in part Defendant's motion for summary judgment.  (ECF Nos. 84; 85).  The court entered judgment in favor of Defendant on a portion of the breach of contract claim, concluding that "no coverage is available for HSUS under the 2009-2010 Policy," but denied Defendant's summary judgment motion as to the individual plaintiffs.[2]  (ECF No. 84, at 25-39).

---

[1] Mr. Lovvorn and Ms. Ockene were dismissed from this action pursuant to a stipulation of voluntary dismissal with prejudice under Fed.R.Civ.P. 41(a)(1)(A)(ii) on October 7, 2016.  (ECF Nos. 110; 111).

[2] Trial of this claim was scheduled to begin on May 2, 2017. (ECF No. 124).  Since Plaintiff filed its motion for reconsideration, the parties have advised the court that they have resolved the pending claim and that the instant motion is the only unresolved matter in this action. (ECF Nos. 148, at 2 ("[A]ll of the claims in the initial complaint have been resolved via dispositive motion or settlement."); 150 ("The parties have resolved HSUS's claim . . . . No trial is necessary.")).

On September 8, 2015, Plaintiffs expressed their intent to seek leave to file an amended complaint for the first time (ECF No. 86), and on September 28, Plaintiffs filed a motion for leave to amend (ECF No. 90). In the proposed amended complaint, Plaintiffs sought to add claims for breach of contract and declaratory judgment under two additional insurance policies sold by Defendant to HSUS: Policy No. 965-95-51, for the period January 1, 2007, to June 1, 2008 (the "2007-2008 Policy"); and Professional Liability Insurance for Corporate Counsel, Policy No. 01-950-29-84, for the period June 1, 2009, to June 1, 2010 (the "Employed Lawyers Policy"). (*See* ECF No. 90-2).

On June 10, 2016, while Plaintiffs' motion for leave to amend was pending, Plaintiff HSUS filed the same claims it was seeking leave to bring in this action as a new action against Defendant in this court. Complaint, *The Humane Soc'y of the U.S. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, No. PWG 16-2029 (D.Md. June 10, 2016), ECF No. 1. That case is pending before the Honorable Paul W. Grimm. Plaintiffs did not withdraw their motion for leave to amend or inform the court of the filing of the new action.

On July 11, 2016, the court denied the motion for leave to amend. Plaintiffs' motion had addressed only the liberal standards of Rule 15(a) and not the good cause necessary to modify the scheduling order under Rule 16(b). (ECF Nos. 98;

99). The court held that, even considering the arguments on good cause that had been advanced only in the reply brief, Plaintiffs failed to show good cause for modifying the scheduling order because they failed to establish that they exercised diligence in seeking leave to amend. (ECF No. 98, at 8-16). The court found that Plaintiffs had long known the underlying facts in this matter and could have either included the proposed claims in the complaint or added those claims before the expiration of the scheduling order deadline.[3] (*Id.* at 12). Instead, Plaintiffs had "deliberately elected not to include any claim under either the 2007-2008 D&O Policy or the Employed Lawyers Policy in the complaint" and had "waited until more than two months following the summary judgment opinion to seek leave to amend the complaint." (*Id.* at 11-12). Plaintiffs first sought leave to amend the complaint more than two years after the scheduling order deadline, nearly a year after discovery had concluded, and two months after Defendant's

---

[3] Plaintiff incorrectly asserts that it first sought coverage under the 2007-2008 Policy after the summary judgment order was issued and did not seek leave to add a claim under this policy until it had a "formal denial in hand." (ECF No. 138-7, at 12-13). After Plaintiffs sought coverage under the 2007-2008 Policy in August 2015 (ECF No. 138-19), Defendant denied coverage on October 28, 2015 (ECF No. 138-20). Plaintiffs' motion for leave to amend had already been filed on the ground that Defendant was "likely to reject coverage." (ECF No. 90-1, at 3). The court held that Plaintiffs could have included claims under the 2007-2008 Policy "when they commenced this action, and certainly before the expiration of the scheduling order deadline." (ECF No. 98, at 12).

4

summary judgment motion had been decided. The court determined that this delay showed a lack of diligence and would prejudice Defendant. (*Id.* at 13-14). Finally, although it was not necessary to consider Plaintiffs' Rule 15 arguments because Plaintiffs had failed to show good cause for modifying the scheduling order under Rule 16, the opinion also noted that denial of leave to amend under Rule 15 was appropriate when the amendment would prejudice the non-moving party, and "determine[d] that Defendant would be prejudiced by Plaintiffs' proposed amendments." (*Id.* at 16 & n.7).

## II. Motion for Reconsideration

In the instant motion, HSUS asks for reconsideration of the denial of leave to amend in light of the January 27, 2017, decision by the Court of Appeals of Maryland in a case filed against Defendant by The Fund for Animals ("FFA"), an affiliate of HSUS, regarding coverage for the same Feld litigation under HSUS's 2007-2008 Policy. (ECF No. 138); *see Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. The Fund for Animals, Inc.*, 451 Md. 431 (2017). Plaintiff argues that the decision of the Court of Appeals affirming the entry of a judgment of liability on the 2007-2008 Policy in favor of FFA and against National Union is entitled to collateral estoppel effect in this case. (ECF No. 138-7, at 17-18). Plaintiff contends that it should be granted leave to amend its complaint to add its own claim against

National Union under the 2007-2008 Policy because liability has already been determined.  Therefore, Plaintiff argues, there would be no prejudice to Defendant and no impact on the imminent trial in this case on its pending claim for defense costs incurred by the two individual plaintiffs.  (*See id.* at 17-22).

   A.   **Standard of Review**

Plaintiff moves for reconsideration under Fed.R.Civ.P. 54(b), which governs reconsideration of an interlocutory order. *See Fayetteville Inv'rs v. Commercial Builders, Inc.*, 936 F.2d 1462, 1469-70 (4th Cir. 1991).  Rule 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."  Fed.R.Civ.P. 54(b).  In the United States Court of Appeals for the Fourth Circuit, the precise standard governing a motion for reconsideration of an interlocutory order is unclear.  *Fayetteville Inv'rs*, 936 F.2d at 1472.  While the standards articulated in Rules 59(e) and 60(b) are not binding in an analysis of Rule 54(b) motions, *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514 (4th Cir. 2003), courts frequently look to these standards for guidance in considering such motions, *Akeva, LLC v. Adidas Am., Inc.*, 385 F.Supp.2d 559, 565-66 (M.D.N.C. 2005).

> Public policy favors an end to litigation and recognizes that efficient operation requires the avoidance of re-arguing questions that have already been decided. Most courts have adhered to a fairly narrow set of grounds on which to reconsider their interlocutory orders and opinions. Courts will reconsider an interlocutory order in the following situations: (1) there has been an intervening change in controlling law; (2) there is additional evidence that was not previously available; or (3) the prior decision was based on clear error or would work manifest injustice.

*Akeva*, 385 F.Supp.2d at 565-66 (citations omitted); *see also Beyond Sys., Inc. v. Kraft Foods, Inc.*, No. PJM-08-409, 2010 WL 3059344, at *1-2 (D.Md. Aug. 4, 2010) (applying this three-part test when evaluating a motion for reconsideration under Rule 54(b)). A motion for reconsideration under Rule 54(b) may not be used merely to reiterate arguments previously rejected by the court. *Beyond Sys., Inc.*, 2010 WL 3059344, at *2.

**B. Analysis**

A motion for reconsideration must be filed no later than fourteen days after entry of the order under Local Rule 105.10. Plaintiff's motion was filed on March 15, 2017, 247 days after entry of the court's July 11, 2016, order denying leave to amend and 47 days after the issuance of the Court of Appeals decision on January 27, 2017. Plaintiff acknowledges that its motion for reconsideration is untimely, but urges the court to suspend the

7

Local Rule because its request "stems from the Court of Appeals' recent decision and mandate." (ECF No. 138-7, at 19).

This argument for suspension of the Local Rule demonstrates the flawed reasoning underlying Plaintiff's arguments for reconsideration. Plaintiff argues that the Court of Appeals' decision in *The Fund for Animals* case justifies reconsideration because it is both a controlling change in law and new evidence, (ECF No. 138-7, at 17-18), but any impact of the Court of Appeals' decision on the merits of Plaintiff's proposed claim against Defendant is not an intervening change in the controlling law that governed the disposition of Plaintiff's motion for leave to amend its complaint. Plaintiff has identified no change in the law governing motions to modify a scheduling order or for leave to amend a complaint that would merit reconsideration of the court's holdings that Plaintiff failed to show good cause for modifying the scheduling order and that its proposed amendments would prejudice Defendant. Similarly, this decision does not "provide[] a form of new evidence" (*id.* at 17), that would have been relevant to a showing of good cause.

Plaintiff also argues that it "must be able to assert a claim under the 2007 Policy to prevent manifest injustice." (ECF No. 138-7, at 18). Plaintiff contends that because the Court of Appeals of Maryland has held that Defendant wrongfully

8

denied insurance coverage, it would be unjust to allow Defendant to benefit from its wrongful denial by not reconsidering denial of leave to amend in order to allow Plaintiff to add a claim under the 2007-2008 Policy in this case. Even if Plaintiff cannot recover from Defendant under the 2007-2008 Policy in FFA's action or in a separate action, there is no manifest injustice here; any benefit to Defendant would result solely from Plaintiff's strategic decision not to raise this claim earlier in this case.

Plaintiff also makes an argument for manifest injustice based on an apparent cost sharing agreement between it and FFA. It states that Plaintiff and FFA agreed that FFA should pay the entire $10.675 million settlement in the underlying litigation, but that Plaintiff paid $4.475 million of the settlement because FFA "is a small charity and lacked the financial resources" necessary to satisfy the settlement. (*Id.* at 3, 18). Plaintiff states that FFA will recover only FFA's share in its litigation, and argues that it would be unjust if HSUS could not recover its share as well. (*Id.* at 18-19). Assuming *arguendo* that Plaintiff cannot recover the settlement payment it apparently incurred voluntarily in FFA's action, there is no manifest injustice in it not recovering on a claim that it failed to assert.

9

Plaintiff made deliberate, strategic choices in this litigation. As noted in the opinion denying leave to amend, it could have included claims under both the 2007-2008 and 2009-2010 Policies in the complaint – as FFA did in its action, after receiving the same denial letter in 2010[4] – or it could have sought leave to amend years ago. Instead, Plaintiff waited until after summary judgment was granted against it on the 2009-2010 Policy belatedly to attempt to assert claims for the "same damages" (ECF No. 149, at 12), under "totally separate" policies (ECF No. 94, at 3). FFA's success in pursuing a claim under the 2007-2008 Policy may give Plaintiff reason to regret its strategic decisions, but it provides no justification for reconsideration of the court's order denying leave to amend. Plaintiff's motion for reconsideration is untimely and offers no persuasive justification for suspending Local Rule 105.10 or for reconsidering denial of leave to amend the complaint. Accordingly, Plaintiff's motion for reconsideration of the denial of leave to amend will be denied.

---

[4] *Fund for Animals, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 226 Md.App. 644, 655, 657 & n.7, *aff'd*, 451 Md. 431 (2017) (noting that FFA brought breach of contract claims under both the 2007-2008 and 2009-2010 Policies after National Union "informed HSUS and the FFA that National Union was disclaiming coverage for both of them in the [Feld] Case under the 2010 Policy and under the 2007 Policy" on May 26, 2010).

10

**C. Leave to File an Amended Complaint**

Although Plaintiff denotes this motion as one for reconsideration, Plaintiff in essence seeks leave to file a different amended complaint than it did with the original motion. (*Compare* ECF No. 90-2, *with* ECF No. 138-3). Among other differences, Plaintiff no longer seeks to add a claim under the Employed Lawyers Policy. (ECF No. 138-7, at 10 n.4). Whether Plaintiff's motion is construed as a motion for reconsideration or as a new motion for leave to file an amended complaint, the motion will be denied.

Plaintiff argues that it can demonstrate good cause under Rule 16(b)(4) because it has acted in good faith, the length of its delay has prevented unnecessary discovery and litigation, and its proposed amendment would not prejudice Defendant because it would prevent Defendant's unjust enrichment. (ECF No. 138-7, at 20-22). Plaintiff also asserts that "[t]here is little question that HSUS can meet the liberal standard for amendment under Rule 15(a)(2)," and makes the conclusory statements that amendment would not prejudice Defendant or be futile. (*Id.* at 19-20).

Plaintiff has again failed to demonstrate good cause for modifying the scheduling order under Rule 16. As previously noted, "[l]ack of diligence and carelessness are the 'hallmarks of failure to meet the good cause standard.'" (ECF No. 98, at

13 (quoting *W.Va. Hous. Dev. Fund v. Ocwen Tech. Xchange, Inc.*, 200 F.R.D. 564, 567 (S.D.W.Va. 2001))). Plaintiff could have brought this claim before the scheduling order deadline, and Plaintiff continues to offer no justification for its substantial delay in seeking to include this claim here.[5] Plaintiff sought to add this new claim just six weeks before trial was scheduled to begin, nearly 20 months after the court's summary judgment order. Moreover, if the parties have in fact resolved the remaining claim in this action, then Plaintiff is seeking to delay disposition of this action solely to add this new claim. Such an amendment would undoubtedly prejudice Defendant, and Plaintiff's arguments to the contrary are unpersuasive. Accordingly, construing the motion as a motion for leave to amend, it is also denied.

**III. Request for Clarification**

Plaintiff also requests the alternative relief of "clarification" of the order denying leave to amend to state that the decision was without prejudice to Plaintiff advancing

---

[5] Instead, Plaintiff makes the creative but unconvincing argument that the length of its delay in seeking leave to amend weighs *in favor* of amendment because, by delaying until after FFA's claim under the 2007-2008 Policy had been litigated, tried, and appealed, it has saved the parties in this action (or at least has saved itself) from unnecessary discovery and litigation. (ECF No. 138-7, at 21). Regardless of whether the decision in FFA's case would be entitled to collateral estoppel effect here, the outcome of that proceeding has no bearing on whether Plaintiff diligently pursued its own claim under the 2007-2008 Policy against Defendant.

12

that claim in a new action. (ECF No. 138-7, at 22-23). As noted above, Plaintiff has already advanced its proposed claim in a separate action. (*See id.*). At the time it filed the instant motion, Defendant's motion to dismiss that action as barred by *res judicata* was pending and ripe for disposition. Motion to Dismiss or Stay, *The Humane Soc'y of the U.S. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, No. PWG 16-2029 (D.Md. September 19, 2016), ECF No. 9. Plaintiff requests that this court direct that its denial of leave to amend was without prejudice, in order to "avoid[] unnecessary litigation about the potential preclusive effects of the order." (ECF No. 138-7, at 23).

In support of its request, Plaintiff cites to Wright & Miller, to the effect that a court may direct that leave to amend is without prejudice to advancing the new matter in a separate action, and a single unpublished decision from Nevada. (*Id.* (citing *Reed v. Tracy*, 2013 WL 4875949, at *2 (D.Nev. Sept. 11, 2013) (denying leave to amend but permitting *pro se* plaintiff to assert unrelated claims against new defendants in a separate action), *aff'd*, 647 F.App'x 730 (9th Cir. 2016) (mem.); 18 Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 4412 (3$^d$ ed. 2016))). Plaintiff's citation to a fragment from Wright & Miller clouds what is at issue. The entire sentence is: "Unless the court

13

can be persuaded to direct that denial of leave to amend is without prejudice to advancing the new matter in a separate action, preclusion should apply." 18 Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 4412 ($3^d$ ed. 2016). As the full discussion illustrates, the decision turns on often difficult concepts of claim preclusion, or *res judicata*, and those issues have not adequately been addressed by the parties in this case. It is similarly unclear whether the parties yet have completely addressed the relevant issues in the second case.

Plaintiff's filing of a second action while this case was pending and before leave to amend had been denied implicated the rule against duplicative litigation.

> It is undisputed that it is within a district court's power to stay or dismiss a suit that is duplicative of another federal court suit. *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) ("As between federal district courts, . . . the general principle is to avoid duplicative litigation."). This rule against duplicative litigation, also referred to as "claim splitting," is the "'other action pending' facet of the res judicata doctrine.'" *Davis v. Sun Oil Co.*, 148 F.3d 606, 613 (6th Cir. 1998). Like res judicata, claim splitting "prohibits a plaintiff from prosecuting its case piecemeal, and requires that all claims arising out of a single wrong be presented in one action." *Myers v. Colgate–Palmolive Co.,* 102 F.Supp.2d 1208, 1224 (D.Kan. 2000) (internal citations omitted). Thus, when a suit is pending in federal court, a

14

> plaintiff has no right to assert another action "on the same subject in the same court, against the same defendant at the same time." *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138–39 (2$^d$ Cir. 2000).
>
> In a claim splitting case, as with the traditional res judicata analysis, the second suit will be barred if the claim involves the same parties or their privies and "arises out of the same transaction or series of transactions" as the first claim. *See Trustmark Insur. Co. v. ESLU, Inc.*, 299 F.3d 1265, 1269–70 (11th Cir. 2002). The court must "assess whether the second suit raises issues that should have been brought in the first." *Curtis*, 226 F.3d at 140.
>
> Very often, the doctrine of claim splitting applies to bar a plaintiff from filing a new lawsuit after the court in an earlier action denied leave to amend the complaint to add those claims. *See Northern Assurance Co. of Am. v. Square D. Co.*, 201 F.3d 84, 87–88 (2$^d$ Cir. 2000) (citing string of cases dismissing claim in second suit that was duplicative of claim sought to be amended to first suit); *In re Kevco, Inc.*, 309 B.R. 458, 465–66 (Bkrtcy.N.D.Tex. 2004) (same). The preclusion of a claim not only prohibits a plaintiff from filing duplicative suits and from circumventing an earlier ruling of the court, it is in keeping with "the rule that a plaintiff must bring suit against the same defendant on all claims that relate to the same conduct, transaction or event at the same time." *Curtis*, 226 F.3d at 139.

*Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp.*, 329 F.Supp.2d 574, 579 (D.Md. 2004). Thus, the issue of whether claim preclusion or some other doctrine precludes Plaintiff from pursuing a separate action must be decided by Judge Grimm in the

15

separate action. It would not be appropriate to address it in this case. What was before this court was solely whether Plaintiffs had established good cause to alter the scheduling order and satisfied the liberal standards regarding amendments to pleadings in this action. The court will decline Plaintiff's invitation to advise Judge Grimm on the dispositive motion before him by "clarifying" its denial of leave to amend the complaint.

## IV. Conclusion

For the foregoing reasons, the motion for reconsideration and clarification filed by Plaintiff HSUS will be denied. A separate order will follow.

                                            /s/
                                  DEBORAH K. CHASANOW
                                United States District Judge